**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LYNN ELLEN VOSS, *pro se,*

      Plaintiff,

v.                                                                Case No.  8:10-cv-1057-T-30AEP

HILLSBOROUGH COUNTY, FLORIDA,

      Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Hillsborough County's Motion

to Dismiss (Dkt. 5) and Plaintiff Lynn Ellen Voss's Response in opposition (Dkt. 6).

Because Voss is proceeding *pro se*, the Court accepts all allegations as true and construes

them more liberally than if prepared by an attorney.  *Holsomback v. White*, 133 F.3d 1382,

1386 (11th Cir. 1998).  However, liberal construction cannot substitute for establishing a

cause of action.  *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369

(11th Cir. 1998).

Defendant argues that Voss's complaint fails to satisfy the pleading requirements of

Federal Rules of Civil Procedure 8(a) and 10(b).  In her one page complaint, Voss apparently

alleges that her employer, Hillsborough County, discriminated and retaliated against her in

violation of Title VII.  Rules 8(a) and 10(b) gives certain requirements that a plaintiff must

meet when filing a complaint with the Court.  Rule 8(a) provides that "[a] pleading that states

a claim for relief must contain: (1) a short and plain statement of the grounds for the court's

jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (2007). Rule 10(b) states "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (2007). Voss fails to satisfy these pleading standards. She makes only conclusory statements that fail to give adequate notice of her claims to Defendant. In addition, Voss fails to allege that she exhausted her administrative remedies, which is required when bringing a claim under Title VII.

Defendant also argues that any attempt by Voss to amend the complaint would be futile because it would be untimely. Title VII requires that claims must be filed within 90 days after the issuance of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Though Voss did not allege that she received any right to sue letters, Defendant attached to its motions copies of right to sue letters signed by the EEOC on February 2, 2010. Voss was required by the statute of limitations to file her complaint by May 3, 2010. On May 3, 2010, Voss filed the complaint at issue here.

Defendant contends that because the complaint is insufficient, as discussed above, Voss has not complied the 90 day time limit. And since any amended pleading will be filed well past the 90 day limit, it is now impossible for Voss to meet that time limit. However, the time limit is non-jurisdictional. *Gant v. Jefferson Energy Coop.*, 348 Fed. Appx. 433 (11th Cir. Ga. 2009) (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). "Because it is non-jurisdictional, the time limit is subject to equitable tolling, permitting a court to disregard the late filing under certain circumstances." *Id.* Equitable tolling is

permitted only in limited circumstances.  *National Cement Co. v. Federal Mine Safety &*

*Health Review Comm'n*, 27 F.3d 526, 530 (11th Cir. 1994).  Those circumstances include a

situation, like the case here, where a claimant has actively pursued judicial remedies by filing

a defective pleading within the statutory time period.  *Id.* (*citing Irwin v. Veterans Affairs*,

498 U.S. 89, 96 (1990)).

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant Hillsborough County's Motion to Dismiss (Dkt. 5) is **GRANTED**

      **in part**.

2.    Plaintiff Lynn Ellen Voss's Complaint (Dkt. 1) is dismissed without prejudice.

3.    Plaintiff may file an Amended Complaint within twenty (20) days of the date

      of this Order.  Failure to timely do so may result in the Clerk being directed to

      close this file without further notice.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1057.mtd 5.wpd